**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JOHN STEGALL, Individually and On Behalf of Others Similarly Situated,<br><br>v.<br><br>LATSHAW DRILLING COMPANY, LLC. | CASE NO: 5:19-cv-432<br>COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### SUMMARY

1. Latshaw Drilling Company, LLC (Latshaw) does not pay its oilfield mechanics overtime as required by the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 201 *et seq.*, and the New Mexico Minimum Wage Act, NMSA § 50-4-19 et seq., (the NMMWA). Instead, Latshaw pays them a flat salary. Because these employees are not exempt under the FLSA and the NMMWA, Stegall and the other salaried oilfield mechanics are entitled to recover unpaid overtime as well as other damages.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over the related NMMWA claims under 28 U.S.C. § 1367.

3. Venue is proper in this district because Latshaw conducts operations in this district and because a substantial part of the acts and conduct charged herein occurred in this district. Stegall also lives in this district.

### THE PARTIES

4. Stegall was employed by Latshaw under the FLSA and the NMMWA. Stegall's written consent attached.

5.     Latshaw is a drilling company based in Oklahoma that employed Stegall as a rig mechanic.

6.     The "FLSA Class Members" are all salaried oilfield mechanics employed by Latshaw during the last three years.

## THE FACTS

7.     Stegall originally filed his claim on April 22, 2016 by joining the collective action *Sanders v. Latshaw Drilling Co.*, LLC, No. 3:16-cv-1093, at ECF No. 6 (N.D.Tex.).

8.     On March 14, 2019, the *Sanders* court decertified the collective action and dismissed Stegall, in part, because Stegall worked as a mechanic and the other plaintiffs were top drive technicians and an electrician.

9.     The *Sanders* court also tolled the statute of limitations to allow Stegall to refile.

10.    Latshaw's gross annual revenues have exceeded $1,000,000 – well above the FLSA's $500,000 threshold for enterprise coverage in each of the last six years.

11.    Latshaw's employees routinely use hard hats, automobiles, computers, copiers, fax machines, telephones, tools and office supplies that moved in interstate commerce or were produced for interstate commerce.

12.    Because Latshaw's gross annual revenues exceeded $500,000 and because its employees used, handled, sold or worked on goods or materials that were produced for or traveled in interstate commerce, Latshaw is an enterprise engaged in interstate commerce. Accordingly, Latshaw is subject to the FLSA.

13.    Latshaw employed Stegall as a rig mechanic. Stegall repaired and maintained Latshaw's oilfield equipment.

14.    Stegall regularly worked more than 40 hours in a workweek. He typically worked a

rotating schedule of 10 days on and 5 days off. He worked 12 or more hours per day.

15. Latshaw did not pay Stegall overtime. Instead, Latshaw paid Stegall a flat salary.

16. Latshaw paid Stegall a set amount each pay period, regardless of how many hours he worked.

17. Stegall was entitled to one-and-one-half times his regular rates of pay for hours worked in excess of forty hours in a week.

18. Latshaw knew Stegall worked more than forty hours per week as reflected in its employment records.

19. Latshaw knew blue-collar oilfield workers like Stegall must be paid overtime under the FLSA and the NMMWA.

20. Latshaw has been found to have violated the FLSA by the Department of Labor and by Judge Godbey in *Meadows v. Latshaw Drilling Co.*, LLC, No. 3:15-CV-01173, at ECF No. 222 (N.D. Tex.).

21. Latshaw knew that blue-collar workers, like mechanics, are nonexempt no matter how highly paid they may be.

22. Latshaw received many complaints from its mechanics, technicians, and electricians about non-payment of overtime, but Latshaw ignored these complaints.

### COLLECTIVE ACTION ALLEGATIONS

23. Latshaw employs other people that perform oilfield mechanical work similar to Stegall.

24. The primary duties of these other employees are the performance of repair and maintenance work of oilfield equipment similar to that performed by Stegall.

25. Like Stegall, these other employees work more than forty hours in a workweek.

26.     Latshaw does not pay these employees overtime. Instead, Latshaw pays these employees on the same "salary" basis as it pays Stegall.

27.     Because these employees are similarly situated to Stegall and are owed overtime for the same reasons he is, the FLSA opt-in class is properly defined as:

**All salaried oilfield mechanics employed by Latshaw within the last three years.**

### FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

28.     Stegall incorporates the allegations in the preceding paragraphs.

29.     Latshaw violated the overtime provisions of the FLSA. Stegall and those similarly situated to him are entitled to overtime for all hours worked over forty in a week.

30.     Additionally, Stegall and those similarly situated to him are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.

31.     Latshaw knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Latshaw's failure to pay overtime to Stegall and the FLSA Class Members was willful.

32.     Latshaw owes Stegall and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

33.     Stegall and the FLSA Class Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

### SECOND CAUSE OF ACTION – VIOLATION OF THE NMMWA

34.     The conduct alleged in this Complaint violates the NMMWA.

35.     Latshaw was and is Stegall's "employer" under the NMMWA.

36.     The NMMWA requires an employer like Latshaw to pay overtime to all non-exempt

employees.

37.     Stegall was a non-exempt employee entitled to be paid overtime for all overtime hours worked.

38.     Within the applicable limitations period, Latshaw had a policy of failing to pay overtime pay to Stegall for hours worked in excess of 40 hours per week.

39.     As a result of Latshaw's failure to pay Stegall at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty in a workweek, Latshaw violated the NMMWA.

40.     Latshaw knew, or showed reckless disregard for whether, its failure to pay overtime violated the NMMWA. Its failure to pay overtime to Stegall is willful.

41.     Stegall seeks damages based on Latshaw's failure to pay one and one-half times his regular rate of pay for work performed in excess of 40 hours in week, an equal amount as liquidated damages, and such other legal and equitable relief from Latshaw's willful conduct as the Court deems just and proper.

42.     Stegall seeks recovery of attorney's fees and costs of this action to be paid by Latshaw, as provided by the NMMWA.

## PRAYER

Stegall prays for relief as follows:

1.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2.     Judgment awarding Stegall and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.     Judgment awarding Stegall all unpaid overtime compensation, liquidated

damages, attorneys' fees and costs under the NMMWA;

  4. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

  5. All such other and further relief that Stegall and the FLSA Class Members are justly entitled.

Respectfully submitted,

**/s/ Derrick G. Earles**
By: _____
  Derrick G. Earles
  Louisiana Bar No. 29570
**LABORDE EARLES LAW FIRM**
203 Energy Parkway, Building B
Lafayette, La. 70508
Telephone: (337) 210-7292
Facsimile: (337) 253-7757

 AND

**/s/ David Moulton**
By: _____
  Richard J. (Rex) Burch
  Texas Bar No. 24001807
  David I. Moulton, Trial Attorney
  Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com