UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN STEGALL, Individually and On Behalf of Others Similarly Situated, Plaintiffs, | * * * * | CA NO: 5:19-cv-432 |
| VERSUS | * * | JUDGE ELIZABETH E. FOOTE |
| LATSHAW DRILLING COMPANY, LLC, Defendant. | * * * | MAGISTRATE JUDGE MARK L. HORNSBY |

* * * * * * * * * * * *

**JOINT MOTION TO TRANSFER**

Pursuant to 28 U.S.C. §1404(a), Plaintiff John Stegall, individually and on behalf others similarly situated, ("Stegall") and Defendant Latshaw Drilling Company, LLC, ("Latshaw Drilling" and collectively with Stegall as the "Parties") respectfully jointly move the Court to transfer this action to the United States District Court for the Northern District of Texas Dallas Division. In support hereof, the Parties state as follows.

1.  Plaintiff Stegall filed the Original Complaint on April 5, 2019. [Doc. 1, Original Complaint].

2.  Defendant Latshaw Drilling filed a Motion to Dismiss on May 28, 2019, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), seeking to dismiss this case for lack of personal jurisdiction and for improper venue; alternatively requesting that this Court transfer this action to another judicial district. [Doc. 5, Motion to Dismiss]. Plaintiffs' time to file responsive papers to Latshaw Drilling's Motion to Dismiss is extended until July 18, 2019. [Doc. 13, Order Extending Time to File Responsive Papers].

3. A companion case is pending in the United States District Court for the Northern District of Texas Dallas Division: *Luther Sanders and Randy Best v. Latshaw Drilling Company, LLC,* Case No. 3:16-cv-01093-S before the honorable Judge Karen Gren Scholer (the "*Sanders Case*"). The *Sanders Case* was filed as a collective action under the Fair Labor Standards Act and the New Mexico Minimum Wage Act. Stegall originally filed his claim on April 22, 2016 when he filed consent to join the *Sanders Case*. The *Sanders Case* was decertified on March 14, 2019 and Stegall was dismissed, in part, because Stegall worked as a mechanic and the named plaintiffs worked as top drive technicians. At the time the *Sanders Case* was decertified, the Parties had completed discovery and the Court had ruled on dispositive motions. This matter and the Sanders Case involve common questions of law.

4. The Parties agree that they can achieve a more cost and time efficient resolution of this matter if the Parties consent to a transfer of this case to the United States District Court for the Northern District of Texas Dallas Division where both jurisdiction and venue are undisputedly proper. After the case is transferred, the Parties intend to consolidate this action with the *Sanders Case* pursuant to Fed. R. Civ. P. 42(a) for the purposes of settlement and final resolution.

5. Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought **or to any district or division to which all parties have consented**." 28 U.S.C. §1404(a) (emphasis added). In enacting Section 1404(a), Congress intended to authorize easy transfer of actions to a more convenient forum. *See* 17 James Wm. Moore, *Moore's Federal Practice* §111.11 (3d ed. 2010); *see also Van Dusen v. Barrack*, 376 U.S. 612, 636 (1964) (statute was designed as a "federal judicial housekeeping measure,"

allowing easy change of venue). Moreover, a district court is vested with broad discretion in deciding whether to transfer an action under section 1404(a). *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

6. Transfer is appropriate under 28 U.S.C. §1404 even if personal jurisdiction is lacking and regardless of whether venue exists in the original forum. *Delta Fuel Co., Inc. v. Taylor*, No. 1:18-CV-00850, 2018 WL 5117381, *2 (W.D. La. 2018) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S. Ct. 913, 8 L.Ed.2d 39 (1962) and *Herman v. Cataphora*, 730 F.3d 460, 466 (5th Cir. 2013)).

7. When considering a motion to transfer, courts in the Fifth Circuit consider the following private interest factors: (a) the relative ease of access to sources of proof; (b) the availability of compulsory process to secure the attendance of witnesses; (c) the cost of attendance of for willing witnesses; and (d) all other practical problems that make trial of a case easy, expeditious and inexpensive. Court's also consider the following public interest factors: (a) the administrative difficulties flowing from court congestion; (b) the local interest in having localized interest decided at home; (c) familiarity of the forum with the law that will govern the case; and (d) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *Delta Fuel Co., Inc.*, 2018 WL 5117381 at *3.

8. The preliminary question under §1404(a) is whether a civil action "might have been brought" in the destination venue. This action was originally filed in the Northern District of Texas Dallas Division and the Parties agree that it could have been refiled in the Northern District of Texas after Stegall was dismissed from the *Sanders Case*.

9. The Parties have now reached a settlement in principal of the *Sanders Case* that includes a settlement of Plaintiffs' claims filed herein. Therefore the Parties seek to transfer this action to the United States District Court for the Northern District of Texas Dallas Division in order to finalize and approve the settlement and conclude this matter. Thus, the private and public factors weigh in favor of transferring this matter to the Northern District of Texas Dallas Division.

10. In order to effectuate such a transfer, Defendant Latshaw Drilling hereby consents to the jurisdiction of this Court for the limited purpose of permitting the Court to transfer this matter to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. §1404(a). By joining this Motion, Defendant Latshaw Drilling does not waive or otherwise concede its affirmative defense that this Court lacks personal jurisdiction of over this Defendant. Moreover, Plaintiff agrees that he will not assert any argument in this Court that Defendant Latshaw Drilling has waived its affirmative defense of lack of personal jurisdiction to the extent the Court denies this Motion.

11. Plaintiff likewise hereby consents to a transfer of this matter to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. §1404(a), and asserts that the Northern District of Texas Dallas Division is a proper venue for adjudication of this action. Plaintiff asserts that transfer is in the interest of justice and judicial economy.

WHEREFORE, Plaintiff and Defendant jointly request that the Court transfer the above-captioned matter to the United States District Court for the Northern District of Texas Dallas Division. The Parties agree that Defendant's Motion to Dismiss is moot since granting this joint motion makes a ruling on the Motion to Dismiss unnecessary.

Dated this 18th day of July, 2019.

        Respectfully submitted,

        *s/ David I. Moulton*
        Richard J. (Rex) Burch
        David I. Moulton, *Pro Hac Vice*
        Texas Bar No. 24051093
        **BRUCKNER BURCH PLLC**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        Telephone: 713.877.8788
        Telephone: 713.877.8065
        Email: rburch@brucknerburch.com
        Email: dmoulton@brucknerburch.com

        -and-

        Derrick G. Earles (#29570)
        **LABORDE EARLES LAW FIRM**
        203 Energy Parkway, Building B
        Lafayette, LA 70508
        Telephone: 337.210.7292
        Facsimile: 337.253.7757
        Email: digger@onmyside.com

        ***ATTORNEYS FOR PLAINTIFFS, JOHN STEGALL, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED***

        -AND-

        *s/Phyllis G. Cancienne T.A.*
        PHYLLIS G. CANCIENNE T.A. (#19605)
        ELIZABETH A. LINER (#34429)
        **BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.**
        450 Laurel Street, North Tower, 21st Floor
        Baton Rouge, Louisiana 70801
        Telephone: (225) 381-7000
        Facsimile: (225) 343-3612
        Email: pcancienne@bakerdonelson.com
        Email: bliner@bakerdonelson.com

        -and-

        Madalene A. B. Witterholt, *Pro Hac Vice*
        Texas State Bar No. 24108521
        Oklahoma State Bar No. 10528
        **CROWE & DUNLEVY, P.C.**
        321 S. Boston Ave., Suite 500
        Tulsa, Oklahoma 74103
        Telephone: 918.592.9800
        Facsimile:  918.599.6325
        Email: m.witterholt@crowedunlevy.com

***ATTORNEYS FOR DEFENDANT,***
***LATSHAW DRILLING COMPANY, LLC***